# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BOBBIE TORRY,<br><br>     Plaintiff,<br>v.<br><br>LISA ALBRECHT, CANDACE WHITMAN, MICHAEL MEISNER, and LYLE WEINTRAUB,<br><br>     Defendants. | Case No. 21-CV-1429-JPS<br><br>**ORDER** |

  Plaintiff Bobbie Torry, an inmate confined at Fox Lake Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. ECF No. 1. On January 29, 2024, the Court granted Defendants' motions for summary judgment and entered judgment accordingly. ECF Nos. 92, 93. On February 26, 2024, Plaintiff filed a motion to alter or amend the judgment. ECF No. 94.

  Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that

include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, the Court will deny Plaintiff's motion to amend/correct the judgment because it does not meet the high burden necessary to succeed. The Court granted summary judgment for Defendant Weintraub because Plaintiff had not exhausted his administrative remedies against him, and it granted summary judgment for Defendants Albrecht, Whitman, and Meisner ("the State Defendants") because no reasonable juror could find they were deliberately indifferent to his serious medical needs. ECF No. 92.

As to Defendant Weintraub, Plaintiff disagrees with the Court's ruling, but he does not show that the Court committed a manifest error of law in finding Plaintiff failed to exhaust his administrative remedies. The "new evidence" Plaintiff points to in support of his argument was already in the record and considered at the summary judgment stage. Plaintiff also argues that the Court did not consider his alternative argument that administrative remedies were not available to him. However, Plaintiff's decisions regarding the claims going forward in this case did affect Plaintiff's availability to administratively exhaust his claims prior to filing suit.

As to the State Defendants, Plaintiff simply restates his arguments regarding these defendants' deliberate indifference that the Court already considered. Plaintiff alternatively argues that the Court erred in its causation analysis; the Court disagrees and finds that Plaintiff's lay opinion failed to show that the water at Fox Lake caused his medical conditions. However, even adopting Plaintiff's position, the Court still would have granted the State Defendants' motion for summary judgment based on its finding that they were not deliberately indifferent to Plaintiff's serious medical need. The Court therefore finds that Plaintiff has failed to meet the high burden necessary to alter the judgment in this case. As such, the Court is obliged to deny Plaintiff's motion to alter/amend the judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter/amend the judgment, ECF No. 94, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge